Peter J. Cresci, Esq. (PC7693)
CRESCI & BLACK LLC
PO Box 74, 830 Avenue A
Bayonne, New Jersey 07002-0074
436-4126 Tel.
Attorneys for the Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOSEPHINE GRECCO, | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| V. | § | CAUSE NO. 06-CV-4658 |
| | § | |
| NEC, INC., | § | |
| | § | |
| DEFENDANT | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

　　1.　　COMES NOW, Josephine Grecco, Plaintiff in the above entitled lawsuit, and states the following as her complaint against the Defendant, NEC, Inc.,

## I. PARTIES

　　2.　　Plaintiff, Josephine Grecco, is an individual who is a citizen of the State of New Jersey and resides at the following address: 43 Mansion Terrace, Cranford, New Jersey 07016.

　　3.　　Defendant, NEC, Inc., is a non-profit corporation, authorized to do business in the State of New Jersey and may be served with process by serving a copy of the summons and complaint to NEC New York, Inc., 35 7th Avenue, Suite 1101, New York, New York 10001.

## II.  JURISDICTION

4.     The Court has jurisdiction over the lawsuit, according to 28 U.S.C. §1331, as this action arises under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621-634; and Title VII of the Civil Rights Act of 1964, as amended 1991, 42 U.S.C. 2000e, et. seq., the Consolidated Omnibus Budget Reconciliation Act (COBRA) 42 U.S.C. § 300bb-2(2)(D)(ii), the Family and Medical Leave Act (FMLA) 29 U.S.C. §2611, et seq, and other common law torts such as defamation and breach of contract.

## III.  EXHAUSTION OF ADMINISTRATIVE PROCEDURES

5.     Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") on November 16, 2005; Charge No. 160-2006-00647.  Plaintiff received a Notice of Right to Sue letter from the U.S. Equal Employment Opportunity Commission within ninety (90) days of the filing of this complaint on March 17, 2006.

## IV.  STATEMENT OF FACTS

6.     Plaintiff was hired by Defendant, NEC, Inc., on April 16, 1988 and held the position of Customer Service Manager. Plaintiff worked for Defendant for approximately eighteen (18) years. Plaintiff remained employed until February 23, 2005 when she was abruptly terminated via telephone by Robert Pepe, Division Manager. Plaintiff was told by Defendant that her service was not needed anymore.

7.     Plaintiff was unlawfully terminated due to her age (over 40) and gender (female). These discriminatory and unlawful acts are in direct violation of the Age Discrimination in Employment Act of 1967 (ADEA) and Title VII of the Civil Rights Act of 1964, as amended 1991, 42 U.S.C. 2000e, et seq.

2

8.      Plaintiff requested a six (6) week leave of absence in order to look after her seriously ill sibling family member. Plaintiff was due to return to her position from leave of absence on February 28, 2005. Five (5) days earlier, Defendant wrongfully terminated Plaintiff without substantiated reason. This is in violation of anti-retaliation statutes of the FMLA.

9.      During the time Plaintiff was on leave of absence, Defendant hired two (2) younger employees. This unjust action is in direct violation of the Age Discrimination in Employment Act of 1967, as amended 1991, 42 U.S.C. 2000e, et seq.

10.     Plaintiff is an employee within the meaning of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §630(f) and is a member of a protected group by virtue of her age as well as Title VII of the Civil Rights Act of 1964.

11.     Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as well as the ADEA under 29 U.S.C. §630(b).

12.     While working for NEC, Inc., Plaintiff was a strong asset and diligent worker. Plaintiff was faithful to her responsibilities and adhered to all company policies to which she was made aware. Plaintiff, however, in all her eighteen (18) years of employment, was never given a handbook or Policy manual.

13.     As a further proximate result of the Defendant's actions, the Plaintiff was terminated and lost income, benefits, and health coverage at the level and degree offered under her employment with the Defendant.   In one instance, Plaintiff was never informed by upper Management of a "one time raise" that she could have received if she had switched back to her health insurance with Defendant.

14.     Plaintiff was intentionally discriminated against because of her gender (female) and age (45). When beneficial opportunities arose, she was purposely ignored; which caused her a financial burden. Plaintiff has been a firm and responsible employee

3

for Defendant for over eighteen (18) years. Defendant, however, chose to make unjust decisions on the account of a reputable employee.

15. On information and belief, Defendant followed a policy and practice of discrimination against the Plaintiff because of her age (over 40) and gender (female), in violation of the Age Discrimination in Employment Act of 1967 (ADEA); 29 U.S.C. § 621-634; and Title VII of the Civil Rights Act of 1964, as amended 1991, 42 U.S.C. 2000e, et. seq. and other common law torts such as defamation and breach of contract.

## V.  STATEMENT OF CLAIMS

### A.  AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 621-634

16. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 15 as fully set forth herein. This cause of action is pled against Defendant NEC, Inc.

17. Plaintiff is forty-five (45) years old, female, and a member of a protected class under the Age Discrimination in Employment Act of 1967 (ADEA); her qualifications and performance were excellent throughout her numerous years at NEC, Inc., she was discharged despite the adequacy of her work.

18. Plaintiff alleged age was a determining factor in her termination. If not for NEC Inc.'s motive to terminate its elder workforce, and save on salaries, Plaintiff would not have been fired.

19. As a direct and proximate result of the Defendant's conduct, Plaintiff suffered the following injuries and damages due to ADEA: termination resulting in loss of pay and benefits, expenses incurred in seeking other employment, suffered damage to her pension, retirement and medical insurance, including loss of social security benefits, liquidated damages under ADEA.

4

**B.    TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000e, et seq.**

20.    Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 19 as fully set forth herein. This cause of action is pled against Defendant NEC, Inc.

21.    Plaintiff is a member of the protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq. Under this statute, it is illegal and unlawful for Defendant to discharge and discriminate against Plaintiff with respect to compensation, terms, conditions, or privileges of employment, beause of Plaintiff's gender (female), or to retaliate.

22.    Defendant's unlawful employment practice and discrimination against Plaintiff caused her to lose her income, benefits and health coverage. Plaintiff suffered defamation, degradation and experienced emotional distress due to Defendant's decision of wrongful termination.

**C.    NEW YORK STATE HUMAN RIGHTS LAW CHARGE, EXECUTIVE LAW ARTICLE 15 §296 et seq.**

23.    Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 22 as fully set forth herein. This cause of action is pled against Defendant, NEC, Inc.

24.    NYSHRL prohibits discrimination against a New York employee because of age and gender. Defendant discriminated against the plaintiff, a New York employee, because of her age (45) and gender (female).

25.    Plaintiff belongs to a class protected under the NYSHRL by virtue of her age and gender allegations.

26. Defendant, NEC New York, Inc., is an "employer" within the meaning of the NYSHRL, and as such was prohibited from intentionally discriminating in employment.

27. At all times pertinent to this lawsuit, the plaintiff was an "employee," as defined under the NYSHRL. The plaintiff has a long employment history with the defendant, including favorable reviews and outstanding job performance.

28. Defendant participated in an unlawful employment practice when it discriminated against the plaintiff in compensation, terms, conditions, and privileges of employment due to her age and gender. Due to the plaintiff's age and gender, the defendant wrongfully terminated the plaintiff.

## D.   CONSOLIDATED ONMNIBUS BUDGET RECONCILIATION ACT(COBRA), 42 U.S.C. § 300bb-2(2)(D)(ii)

29. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 28 as fully set forth herein. This cause of action is pled against Defendant, NEC, Inc.

30. Under COBRA, it is mandated that the employer must offer continuation coverage to former employees for eighteen (18) months after; such coverage can only be terminated if the ex-employee became a covered employee under a different health plan.

31. Plaintiff was not covered under any other health care plans at the time; thus, Defendant was, and continues to be, in direct violation of the Plaintiff's COBRA rights, as Plaintiff was not offered benefits under COBRA. Plaintiff was neglected in that she was not informed of any termination policy nor did she ever receive a handbook.

32,    Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 31 as fully set forth herein. This cause of action is pled against Defendant NEC, Inc.

33.    The Family Medical Leave Act (FMLA) requires private sector employers of fifty (50) or more employees to provide up to twelve (12) weeks of unpaid job related leave to eligible employees for certain medical reasons. The reasons for taking a leave are limited to care of the employee's sibling, among other reasons. Most employees must be restored to their original or equivalent position with equivalent pay, benefits and other employment terms. Further, the defendant must maintain the Plaintiff's health coverage under any "group health plan," under the provisions that would have been provided if the employee had continued in employment continuously for the duration of such leave.

34.    It is unlawful for the Defendant to deny or refuse a covered employee the rights of the FMLA or to discriminate against the individual for exercising these rights (See 29 U.S.C. §2615(a)(1) & (2)). Defendant terminated the Plaintiff, due to the leave of absence she had taken in order to tend to her sick sibling, thus violating the FMLA.

## VI. COMMON LAW CLAIMS

35.    Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 34 as if fully set forth herein. The Defendant and its employees breach their employment contract with Plaintiff. Defendant did and continues to make defamatory statements about the Plaintiff that are false. Those false statements and documents are published to third parties, and Plaintiff continues to be harmed by such defamatory statements. Each distinct publication of the defamatory statements and records inflict an independent injury from which a separate cause of action continues to arise. Defamatory statements injuring Plaintiff's employment in her chosen occupation or imputing a crime is defamatory *per se*.

## VII.  JURY DEMAND

36.    Plaintiff hereby demands a trial by jury of her peers.

## VIII.  PRAYER

37.    WHEREFORE, Plaintiff, Josephine Greeco, requests judgment against Defendant, NEC, Inc., for:

> a.  Reinstatement of Plaintiff to the position she held directly prior to her termination;
>
> b.  back pay, front pay, and all benefits along with pre-judgment and post-judgment interest;
>
> c.  compensatory damages under Title VII and ADEA and punitive damages (pecuniary and non-pecuniary), including but not limited to damages for mental and emotional anguish, humiliation, anxiety, and distress in the amount of $300,000.00, and under all statute and common law violations herein pled;
>
> d.  attorneys fees, costs and expenses incurred as a result of the Defendant's discriminatory acts, as provided for by ADEA and Title VII, FMLA, COBRA and other applicable statutes;
>
> e.  any and all other general or specific relief, both at law and in equity, to which Plaintiff may be justly entitled;

Respectfully submitted,

CRESCI & BLACK LLC
PO Box 74, 830 Avenue A
Bayonne, New Jersey 07002-0074
Telephone:     (201) 436-4126/4127
Telecopier:     (201) 436-9220

By:

PETER J. CRESCI (PJC 7693)
ATTORNEYS FOR PLAINTIFF